

Alan M. Anderson (AA 0241)
Renee L. Jackson (RJ 4974)
C. Erik Hawes (CH 3841)
FULBRIGHT & JAWORSKI L.L.P.
225 South Sixth Street, Suite 4850
Minneapolis, Minnesota  55402
Phone: (612) 321-2800
Fax:    (612) 321-9600

Mark N. Mutterperl, (MM 1977)
Kenneth D. Suzan, (KS 0237)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York , New York  10103
Phone: (212) 318-3000
Fax:    (212) 318-3400



DNH / DEP

Attorneys for Plaintiff
CARGILL, INCORPORATED

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cargill, Incorporated,<br><br>         Plaintiff,<br><br>v.<br><br>Sears Petroleum & Transport Corp.,<br><br>         Defendant. | CIVIL NO. _____<br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

   Plaintiff Cargill, Incorporated ("Cargill"), for its Complaint against Defendant Sears Petroleum & Transport Corp. ("Sears Petroleum"), states and alleges as follows:

25115153.1

## Jurisdiction

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338, and 28 U.S.C. §2201, as hereinafter more fully appears.

## Parties

2. Cargill is a Delaware corporation with its principal place of business at 15407 McGinty Road West, Wayzata, Minnesota 55391-5624. It is an innovator, processor, marketer, and distributor of agricultural, food, financial and industrial products and services.

3. Cargill has been in the de-icing business for approximately 40 years. It has a number of patents on its de-icing technology. Its de-icing operations include salt production, distribution, and storage facilities in New York, including in this district. Cargill has sold and continues to sell and advertise de-icing products in New York, including to many customers within this district.

4. Upon information and belief, Sears Petroleum is a New York corporation having its principal place of business at 1914 Black River Boulevard, Rome, New York 13440. Upon information and belief, Sears Petroleum's principal focus is selling gasoline and industrial fuels. On information and belief, Sears Petroleum has marketed and sold its products regionally, including in this district.

5. On information and belief, Sears Petroleum shares offices, owners, officers, facilities, and personnel with affiliated companies Sears Oil Co., Inc. and Sears Environmental Applications Company, LLC.

6. Sears Oil Co., Inc. is a New York corporation with its principal place of business at 1914 Black River Boulevard, Rome, New York 13440. On information and belief, it has sold fuel oil, de-icing products, and other products regionally, including in this district.

25115153.1

2

7.   Sears Environmental Applications Company, LLC also was formed under New York laws and has its principal place of business at 1914 Black River Boulevard, Rome, New York 13440. On information and belief, it has marketed and sold products, including de-icing products, regionally and in this district. These de-icing products compete with Cargill's de-icing products.

### Facts

8.   By letter dated October 12, 2001, Sears Petroleum sent Cargill a copy of U.S. Patent No. 6,299,793 ("the '793 Patent"), entitled "Deicing Solution," which allegedly was issued to Sears Petroleum. The '793 Patent purports to disclose a "de-icing and anti-icing composition including a low molecular weight carbohydrate, an inorganic freezing point depressant in the form of a chloride salt, and a thickener."

9.   In the letter dated October 12, 2001, Sears Petroleum informed Cargill that it "had reason to believe that one or more of [Cargill's] products may be covered by [the '793 Patent]." Sears Petroleum demanded a response within three weeks to enable it to "take appropriate action." A true and correct copy of this letter is attached as Exhibit A.

10.   On December 26, 2001, Sears Petroleum sent another letter to Cargill demanding an immediate response to its October letter so that it could take "appropriate action." A true and correct copy of this letter is attached as Exhibit B.

11.   On information and belief, Sears Petroleum has stated to others in the de-icing industry that legal action against Cargill is imminent. Within the last few weeks, Cargill has been told of such impending litigation.

12. Over the past year, Sears Petroleum's attorneys also have had telephone conversations with in-house counsel for Cargill regarding the '793 Patent and Sears Petroleum's beliefs about Cargill's products.

13. These conversations, threatening letters, and statements in the industry have created reasonable apprehension at Cargill that Sears Petroleum will initiate suit against it claiming infringement of the '793 Patent.

14. Based on its communications with attorneys for Sears Petroleum, Cargill believes that Sears Petroleum is targeting its ClearLane™ Treated Salt product for its claims of infringement of the '793 Patent.

15. ClearLane™ Treated Salt is an innovative product developed at Cargill. Cargill markets and sells ClearLane™ Treated Salt to customers in this district.

16. So that it may continue to produce, market, and distribute its de-icing products, including ClearLane™ Treated Salt, without interference by Sears Petroleum, Cargill desires to promptly resolve this controversy.

17. Sears Petroleum's allegations that it has reason to believe that Cargill's products are covered by the '793 Patent bring it into adversarial conflict with Cargill.

18. Cargill does not infringe any valid claim of the '793 Patent.

19. Cargill believes that the requirements of 35 U.S.C. §§ 101, 102, and 103 were not met with respect to the '793 Patent.

20. Cargill also believes that the '793 Patent is unenforceable due to inequitable conduct committed during the application of that patent.

21. An actual and justiciable controversy exists between the parties based on Sears Petroleum's allegations.

## COUNT I: DECLARATORY JUDGMENT

22. Cargill restates and realleges the allegations set forth in paragraphs 1 through 21 and incorporates them herein.

23. An actual and justiciable controversy exists between Cargill and Sears Petroleum in that:

   (a) Sears Petroleum has alleged that it owns and has exclusive rights in the '793 Patent;

   (b) Sears Petroleum has alleged that is has reason to believe that Cargill is infringing the '793 Patent; and

   (c) Cargill alleges that it does not infringe any valid or enforceable claim of the '793 Patent.

24. An actual controversy within this Court's jurisdiction exists between the parties concerning these rights. This Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

25. Cargill hereby seeks a declaratory judgment of this Court that it has not infringed any valid or enforceable claim of the '793 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cargill, Incorporated prays for entry of judgment against Defendant Sears Petroleum & Transport Corp. as follows:

1) Declaring that Cargill has not infringed any valid or enforceable claim of U.S. Patent 6,299,793;

2) Declaring that U.S. Patent 6,299,793 is invalid and unenforceable;

3) Awarding to Cargill its costs and attorneys' fees incurred in this action as permitted by law; and

4) Such other and further relief as the Court may deem just and equitable.

DATED: February 22, 2002.

*/s/ Kenneth D. Suzan/*
Alan M. Anderson (AA 0241)
Renee L. Jackson (RJ 4974)
C. Erik Hawes (CH 3841)
FULBRIGHT & JAWORSKI L.L.P.
225 South Sixth Street
Suite 4850
Minneapolis, Minnesota 55402
(612) 321-2800

Mark N. Mutterperl, (MM 1977)
Kenneth D. Suzan, (KS 0237)
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
(212) 318-3000

ATTORNEYS FOR PLAINTIFF
CARGILL, INCORPORATED

# EXHIBIT A

Thomas J. Wall
Owen D. Marjama†
Peter J. Bilinski
George S. Blasiak‡
Edward C. Jason*
Christopher R. Pastel**
Robert E. Purcell•
Daniel P. Malley

†Also admitted in D.C.
‡Also admitted in South Carolina
*Admitted in Ohio
**Also admitted in Virginia
•Also admitted in Colorado

# WALL MARJAMA & BILINSKI, LLP

*Intellectual Property Practice*

101 South Salina Street
Suite 400
Syracuse, New York 13202
PHONE: (315) 425-9000
FAX: (315) 425-9114

October 12, 2001

Scott T. Piering, Esq.
Cargill, Incorporated
Law Department
PO Box 5624
Minneapolis, MN 56440-5624

**VIA CERTIFIED AND RETURN RECEIPT REQUESTED MAIL**

Re:   U.S. Patent No. 6,299,793

Dear Mr. Piering:

Our law firm represents Sears Petroleum and Transport Corporation on patents and related matters. A new U.S. Patent relating to deicing liquids has been issued to our client-U.S. 6,299,793. A copy of the patent is enclosed herewith. Our client has reason to believe that one or more of your company's products may be covered by this patent. The patent relates to admixtures of low molecular weight carbohydrates, as defined, and chloride salts.

We recommend that you have your technical people review the patent and advise you on this matter in the near future so that we may take appropriate action. We ask that you respond to us on this matter within three weeks from this date.

Very truly yours,

WALL MARJAMA & BILINSKI, LLP

Owen D. Marjama

ODM/cmh

cc: David H. Wood

# EXHIBIT B

Thomas J. Wall
Owen D. Marjama†
Peter J. Bilinski
George S. Blasiak‡
Edward C. Jason*
Christopher R. Pastel**
Robert E. Purcell·
Daniel P. Malley

†Also admitted in D.C.
‡Also admitted in South Carolina
*Admitted in Ohio
**Also admitted in Virginia
·Also admitted in Colorado

# WALL MARJAMA & BILINSKI, LLP

*Intellectual Property Practice*

101 South Salina Street
Suite 400
Syracuse, New York 13202
PHONE: (315) 425-9000
FAX: (315) 425-9114

December 26, 2001

Scott T. Piering, Esq.
Cargill, Incorporated
Law Department
PO Box 5624
Minneapolis, MN 56440-5624

**VIA CERTIFIED AND
RETURN RECEIPT
REQUESTED MAIL
VIA FACSIMILE**

Re:   U.S. Patent No. 6,299,793
      Our Ref. No.: 781W037

Dear Mr. Piering:

We have not had any response to our letter to you of October 12, 2001. I would ask that you immediately respond to us regarding this matter in order that our client be able to make an informed choice as to what appropriate action to take.

If we do not have a response from you within ten (10) days of this letter, we will advise our client of their legal options on this matter

Very truly yours,

WALL MARJAMA & BILINSKI, LLP

Owen D. Marjama

ODM/cmh

cc: David H. Wood

S:\ATTORNEY\OWENMW\DOCS\S-SEARS\781W037\Piering 12 26 01 ltr.wpd