UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cargill, Incorporated, | ) |
| | ) |
| Plaintiff, | ) CIVIL NO.  03-CV-530 (DEP) |
| | ) |
| v. | ) |
| | ) |
| Sears Petroleum & Transport Corporation, | ) |
| | ) |
| Defendant/Counterclaimant, | ) |
| And | ) |
| | ) |
| Sears Ecological Applications Co., LLC., | ) |
| | ) |
| Counterclaimant. | ) |

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

Plaintiff Cargill, Incorporated ("Cargill") submits the attached Proposed Special Verdict Form for use at the trial of this action. Cargill reserves the right to modify the proposed special verdict form based upon the court's pretrial and trial rulings relating to the issues in the case.

Dated: January 28, 2005

      _s/Renee L. Jackson_____
Alan M. Anderson (AA 0241)
Renee L. Jackson (RJ 4974)
Christopher A. Young (512348)
FULBRIGHT & JAWORSKI L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Phone: (612) 321-2800
Fax:    (612) 321-9600

Nancy L. Pontius, #102379
Stephen T. Helmer, #101955
MACKENZIE HUGHES LLP
101 South Salina Street
P.O. Box 4967, Suite 600
Syracuse, New York  13202-4967
Phone: (315) 474-7571
Fax:    (315) 428-8358

Attorneys for Plaintiff
CARGILL, INCORPORATED

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cargill, Incorporated, | ) |
| Plaintiff, | ) CIVIL NO.  03-CV-530 (DEP) |
| v. | ) |
| Sears Petroleum & Transport Corporation, | ) |
| Defendant/Counterclaimant, | ) |
| And | ) |
| Sears Ecological Applications Co., LLC., | ) |
| Counterclaimant. | ) |

**SPECIAL VERDICT FORM**

We, the jury in the above-entitled action, hereby find as follows:

Question No. 1:

Has SEACO proven by a preponderance of the evidence that it is an equitable owner of the '793 Patent?

Yes   _____        No   _____

Question No. 2:

Has Sears Petroleum proven by a preponderance of the evidence that the application filed on January 4, 1999 disclosed the identical invention contained in each of the following claims of the '793 Patent:

Claim 1:        Yes   _____        No   _____

Claim 2:        Yes   _____        No   _____

| | | | | |
|---|---|---|---|---|
| Claim 3: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 4: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 5: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 6: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 7: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 8: | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |

Question No. 3:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are anticipated by the April 1998 HITEC Report titled "Preliminary Evaluation Findings for Ice Ban™ (Ice Ban Magic)"?

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 2 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 3 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 4 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 5 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 6 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 7 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 8 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |

Question No. 4:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are anticipated by U.S. Patent No. 5,922,240 (the "Johnson Patent")?

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |
| Claim 2 | Yes | \_\_\_\_\_ | No | \_\_\_\_\_ |

```
Claim 3     Yes _____     No _____
Claim 4     Yes _____     No _____
Claim 5     Yes _____     No _____
Claim 6     Yes _____     No _____
Claim 7     Yes _____     No _____
Claim 8     Yes _____     No _____
```
Claim 3     Yes _____     No _____

Claim 4     Yes _____     No _____

Claim 5     Yes _____     No _____

Claim 6     Yes _____     No _____

Claim 7     Yes _____     No _____

Claim 8     Yes _____     No _____

Question No. 5:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are anticipated by the Caliber product, the composition of which is identified by U.S. Provision Application No. 60/145,576 (the "Bytnar Application") filed on July 26, 1999?

Claim 1     Yes _____     No _____

Claim 2     Yes _____     No _____

Claim 3     Yes _____     No _____

Claim 4     Yes _____     No _____

Claim 5     Yes _____     No _____

Claim 6     Yes _____     No _____

Claim 7     Yes _____     No _____

Claim 8     Yes _____     No _____

Question No. 6:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are anticipated by the U.S. Patent No. 6,149,834 (the "Gall Patent")?

Claim 1     Yes _____     No _____

Claim 2      Yes  _____      No  _____

Claim 3      Yes  _____      No  _____

Claim 4      Yes  _____      No  _____

Claim 5      Yes  _____      No  _____

Claim 6      Yes  _____      No  _____

Claim 7      Yes  _____      No  _____

Claim 8      Yes  _____      No  _____

Question No. 7:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are rendered obvious in light of the April 1998 HITEC Report titled "Preliminary Evaluation Findings for Ice Ban™" (Ice Ban Magic)?

Claim 1      Yes  _____      No  _____

Claim 2      Yes  _____      No  _____

Claim 3      Yes  _____      No  _____

Claim 4      Yes  _____      No  _____

Claim 5      Yes  _____      No  _____

Claim 6      Yes  _____      No  _____

Claim 7      Yes  _____      No  _____

Claim 8      Yes  _____      No  _____

Question No. 8:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are obvious in light of a combination of: U.S. Patent No. 5,922,240 (the "Johnson Patent"), Sebree, *et al.*, "Brewers Condensed Solubles. I. Composition and

Physical Properties" (the "Sebree reference"), with the April 1998 HITEC Report titled "Preliminary Evaluation Findings for Ice Ban™" (Ice Ban Magic) acting as the teaching reference?

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes | _____ | No | _____ |
| Claim 2 | Yes | _____ | No | _____ |
| Claim 3 | Yes | _____ | No | _____ |
| Claim 4 | Yes | _____ | No | _____ |
| Claim 5 | Yes | _____ | No | _____ |
| Claim 6 | Yes | _____ | No | _____ |
| Claim 7 | Yes | _____ | No | _____ |
| Claim 8 | Yes | _____ | No | _____ |

Question No. 9:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are obvious in light of U.S. Patent No. 6,149,834 (the "Gall Patent")?

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes | _____ | No | _____ |
| Claim 2 | Yes | _____ | No | _____ |
| Claim 3 | Yes | _____ | No | _____ |
| Claim 4 | Yes | _____ | No | _____ |
| Claim 5 | Yes | _____ | No | _____ |
| Claim 6 | Yes | _____ | No | _____ |
| Claim 7 | Yes | _____ | No | _____ |
| Claim 8 | Yes | _____ | No | _____ |

Question No. 10:

Do you find that Cargill has proven by clear and convincing evidence that any of the following claims of the '793 Patent are obvious in light of the Caliber product, the composition of which is identified by U.S. Provision Application No. 60/145,576 (the Bytnar Application) filed on July 26, 1999?

| Claim 1 | Yes | _____ | No | _____ |
| Claim 2 | Yes | _____ | No | _____ |
| Claim 3 | Yes | _____ | No | _____ |
| Claim 4 | Yes | _____ | No | _____ |
| Claim 5 | Yes | _____ | No | _____ |
| Claim 6 | Yes | _____ | No | _____ |
| Claim 7 | Yes | _____ | No | _____ |
| Claim 8 | Yes | _____ | No | _____ |

Question No. 11:

Do you find that Cargill has proven by clear and convincing evidence that personnel at Bodycote Ortech contributed to the alleged invention claimed in the '793 Patent?

Yes  _____   No  _____

Question No. 12:

Do you find that Cargill has proven by clear and convincing evidence that the Sebree reference would have been material to the patentability of the '793 Patent?

Yes  _____   No  _____

**If you answered "yes" to Question 12, please proceed to Question 13.
If you answered "no" to Question 12, please proceed to Question 14.**

Question No. 13:

Do you find that Cargill has proven by clear and convincing evidence that during the process of applying for the '793 Patent Robert Hartley, David Wood and/or their patent attorneys intentionally withheld the Sebree reference from the Patent Examiner?

Yes  _____   No  _____

Question No. 14:

Do you find that Cargill has proven by clear and convincing evidence that the April 1998 HITEC Report would have been material to the patentability of the '793 Patent?

Yes  _____   No  _____

**If you answered "yes" to Question 14, please proceed to Question 15.**
**If you answered "no" to Question 14, please proceed to Question 16.**

Question No. 15:

Do you find that Cargill has proven by clear and convincing evidence that during the process of applying for the '793 Patent Robert Hartley, David Wood and/or their patent attorneys intentionally withheld the April 1998 HITEC Report from the Patent Examiner?

Yes  _____   No  _____

Question No. 16:

Do you find that Cargill has proven by clear and convincing evidence that the Caliber product would have been material to the patentability of the '793 Patent?

Yes  _____   No  _____

**If you answered "yes" to Question 16, please proceed to Question 17.**
**If you answered "no" to Question 16, please proceed to Question 18.**

Question No. 17:

Do you find that Cargill has proven by clear and convincing evidence that during the process of applying for the '793 Patent Robert Hartley, David Wood and/or their patent attorneys intentionally withheld the Caliber product from the Patent Examiner?

Yes  \_\_\_\_\_        No  \_\_\_\_\_

Question No. 18:

If you find that the April 1998 HITEC Report, the Sebree reference, or the Caliber product would have been material to the patentability of the '793 Patent, and you find that Robert Hartley, David Wood and/or their patent attorneys intentionally withheld the same reference or references from the Patent Examiner, do you conclude, after weighing and balancing these findings, that Robert Hartley, David Wood and/or their patent attorneys committed inequitable conduct?

Yes  \_\_\_\_\_        No  \_\_\_\_\_

Question No. 19:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill ClearLane liquid literally infringes any of the following claims of the '793 Patent?

Claim 1:     Yes  \_\_\_\_\_        No  \_\_\_\_\_

Claim 2:     Yes  \_\_\_\_\_        No  \_\_\_\_\_

Claim 3:     Yes  \_\_\_\_\_        No  \_\_\_\_\_

Claim 7:     Yes  \_\_\_\_\_        No  \_\_\_\_\_

Question No. 20:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill ClearLane liquid infringes any of the following claims of the '793 Patent under the doctrine of equivalents?

| | | | | |
|---|---|---|---|---|
| Claim 4: | Yes | _____ | No | _____ |
| Claim 5: | Yes | _____ | No | _____ |
| Claim 6: | Yes | _____ | No | _____ |
| Claim 8: | Yes | _____ | No | _____ |

Question No. 21:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill ClearLane PNS literally infringes any of the claims of the '793 Patent?

| | | | | |
|---|---|---|---|---|
| Claim 1: | Yes | _____ | No | _____ |
| Claim 2: | Yes | _____ | No | _____ |
| Claim 3: | Yes | _____ | No | _____ |
| Claim 7: | Yes | _____ | No | _____ |

Question No. 22:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill ClearLane PNS infringes any of the following claims of the '793 Patent under the doctrine of equivalents?

| | | | | |
|---|---|---|---|---|
| Claim 4: | Yes | _____ | No | _____ |
| Claim 5: | Yes | _____ | No | _____ |
| Claim 6: | Yes | _____ | No | _____ |
| Claim 8: | Yes | _____ | No | _____ |

**If you answered "yes" regarding any of the claims listed in Questions 19, 20, 21, or 22, please proceed to Question 23.**
**If you answered "no" to all of Questions 19, 20, 21, and 22, please proceed to Question 25.**

Question No. 23:

What amount do you find, based on a preponderance of the evidence, constitutes a reasonable royalty, on a per gallon basis, for Cargill's infringing use of Clear Lane liquid and/or ClearLane PNS?

$\_\_\_\_\_ per gallon

Question No. 24:

Do you find that Sears Petroleum proved by clear and convincing evidence that Cargill willfully infringed the '793 Patent?

Yes _____     No _____

Question No. 25:

Which company – Sears Petroleum, SEACO, or Sears Oil – do you find by a preponderance of the evidence owned the alleged trade secret that Sears Petroleum claims Cargill misappropriated?

_____ [insert one of the above names]

Question No. 26:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that in July 1999 it possessed information regarding a deicing and anti-icing composition which gave it an opportunity to obtain an advantage over competitors who did not possess such information?

Yes \_\_\_\_\_     No \_\_\_\_\_

**If you answered "yes" to Question 26, please proceed to Question 27.**
**If you answered "no" to Question 26, please proceed to Question 40.**

Question No. 27:

If you find that Sears Petroleum has proven by a preponderance of the evidence that it possessed such information, identify the information that Sears Petroleum possessed:

_____

_____

_____

Question No. 28:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that the information identified in your answer to Question 27 was not generally known by others?

Yes   _____        No   _____

Question No. 29:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that it took active substantial efforts to keep the information identified in your answer to Question 27 secret?

Yes   _____        No   _____

Question No. 30:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that the information identified in your answer to Question 27 was not merely an adaptation of existing knowledge and known ingredients?

Yes   _____        No   _____

Question No. 31:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that the information identified in your answer to Question 27 was not readily ascertainable from nonconfidential sources?

Yes  \_\_\_\_\_    No  \_\_\_\_\_

Question No. 32:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that it disclosed this information to Cargill?

Yes  \_\_\_\_\_    No  \_\_\_\_\_

**If you answered "yes" to Question 32 please proceed to Question 33.**
**If you answered "no" to Question 32, please proceed to Question 34.**

Question No. 33:

If you answered "yes" to Question 32, on which date do you find that Sears Petroleum first disclosed its alleged trade secret to Cargill?

July 29, 1999  \_\_\_\_\_          August 25, 1999  \_\_\_\_\_

Question No. 34:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill misappropriated the information identified in your answer to Question 27?

Yes  \_\_\_\_\_    No  \_\_\_\_\_

Question No. 35:

Do you find that Sears Petroleum disclosed the information identified in your answer to Question 27 to the NY DEC on February 9, 2001?

Yes  \_\_\_\_\_    No  \_\_\_\_\_

Question No. 36:

Do you find that Cargill has proven by a preponderance of the evidence that Sears Petroleum unreasonably delayed asserting its misappropriation of trade secrets claim?

Yes  \_\_\_\_\_    No  \_\_\_\_\_

Question No. 37:

If you find that Cargill misappropriated the information identified in your answer to Question 27, what amount, if any, do you find, based on a preponderance of the evidence, constitutes the total damages incurred by Sears Petroleum between the date listed in your answer to Question 35 and February 9, 2001?

$_____

Question No. 38:

If you find that Cargill misappropriated the information identified in your answer to Question 27, what amount, if any, do you find, based on a preponderance of the evidence, constitutes the total damages incurred by Sears Petroleum between the date identified in your answer to Question 35 and October 9, 2001?

$_____

Question No. 39:

If Cargill misappropriated the information identified in your response to Question 27, do you find that Sears Petroleum has proven by a clear and convincing evidence that Cargill misappropriated Sears Petroleum's trade secret wanton and reckless, or malicious?

Yes _____    No _____

Question No. 40:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that during its August 25, 1999 meeting with Cargill it disclosed confidential information that was not publicly known prior to the disclosure?

Yes _____    No _____

Question No. 41:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that during its August 25, 1999 meeting with Cargill it disclosed confidential information that was not lawfully in Cargill's possession prior to the disclosure by Sears Petroleum?

Yes _____     No _____

Question No. 42:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that during its August 25, 1999 meeting with Cargill it disclosed confidential information that later became publicly known by publication or otherwise through no unauthorized act or omission on the part of Cargill?

Yes _____     No _____

Question No. 43:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that during its August 25, 1999 meeting with Cargill it disclosed confidential information that was not independently developed by an employee or employees of Cargill with no access to the information disclosed by Sears Petroleum?

Yes _____     No _____

**If you answered "yes" to Questions 40-43, please proceed to Question 44.**
**If you answered "no" to any of Questions 40-43, please proceed to Question 45.**

Question No. 44:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill breached the August 12, 1999 Confidentiality Agreement?

Yes _____     No _____

Question No. 45:

Do you find that Sears Petroleum proved by a preponderance of the evidence that it acted reasonably to limit its damages from Cargill's breach of the August 12, 1999 Confidentiality Agreement?

Yes  _____   No  _____

Question No. 46:

If you find that Cargill breached the August 12, 1999 Confidentiality Agreement, what amount, if any, do you find, based on a preponderance of the evidence, constitutes the total damages incurred by Sears Petroleum between August 25, 1999 and February 9, 2001?

$_____

Question No. 47:

If you find that Cargill breached the August 12, 1999 Confidentiality Agreement, what amount, if any, do you find, based on a preponderance of the evidence, constitutes the total damages incurred by Sears Petroleum between August 25, 1999 and October 9, 2001?

$_____

Question No. 48:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that, in light of all of the circumstance that existed on August 12, 1999, including the language of the Confidentiality Agreement itself, that Sears Petroleum and Cargill intended at the time of signing the Confidentiality Agreement to benefit SEACO by performing the terms of the Confidentiality Agreement?

Yes  _____   No  _____

Question No. 49:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill breached a duty of good faith and fair dealing by making Sears Petroleum's performance of the August 12, 1999 Confidentiality Agreement impossible?

Yes  \_\_\_\_\_        No  \_\_\_\_\_

<u>Question No. 50</u>:

Do you find that Sears Petroleum has proven by a preponderance of the evidence that Cargill engaged in unfair competition?

Yes  \_\_\_\_\_        No  \_\_\_\_\_

**-End-**

**Sign and date verdict form**

<u>Date:</u> _____        _____

                                                                    Jury Foreperson