IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CARGILL, INCORPORATED,

        Plaintiff,

  vs.

SEARS PETROLEUM & TRANSPORT CORP., and SEARS ECOLOGICAL APPLICATIONS CO., LLC,

        Defendants.

Civil Action No.
5:03-CV-0530 (DEP)

---

## JURY VERDICT FORM

I.   <u>Patent Ownership, Validity and Inequitable Conduct</u>

(1)   Do you find that SEACO has proven, by a preponderance of the evidence, that it is an equitable owner of the '793 patent?

        Yes ✓        No _____

(2)   Has Cargill proven, by clear and convincing evidence, that the claims of the '793 patent are <u>not</u> entitled to a priority date of January 7, 1998?

        Claim 1     Yes ✓     No _____

        Claim 2     Yes ✓     No _____

        Claim 3     Yes ✓     No _____

        Claim 4     Yes ✓     No _____

        Claim 5     Yes ✓     No _____

      Claim 6      Yes ✓      No _____

      Claim 7      Yes ✓      No _____

      Claim 8      Yes ✓      No _____

(3)    Has Cargill proven, by clear and convincing evidence, that the claims of the '793 patent are not entitled to a priority date of January 4, 1999?

      Claim 1      Yes _____      No ✓

      Claim 2      Yes _____      No ✓

      Claim 3      Yes _____      No ✓

      Claim 4      Yes _____      No ✓

      Claim 5      Yes _____      No ✓

      Claim 6      Yes _____      No ✓

      Claim 7      Yes _____      No ✓

      Claim 8      Yes _____      No ✓

(4)    Do you find that Cargill has proven, by clear and convincing evidence, that any of the claims of the '793 patent are anticipated by prior art? Please utilize the following chart to record your answer to this question, addressing each claim separately:

| Claim | Not Anticipated | Anticipated | Prior Art Reference |
|---|---|---|---|
| 1 | ✓ | | |

| Claim | Not Anticipated | Anticipated | Prior Art Reference |
|---|---|---|---|
| 2 | ✓ | | |
| 3 | ✓ | | |
| 4 | ✓ | | |
| 5 | ✓ | | |
| 6 | ✓ | | |
| 7 | ✓ | | |
| 8 | ✓ | | |

(5) Do you find that Cargill has proven, by clear and convincing evidence, that any claims of the '793 patent were obvious to one of ordinary skill in the art at the time of invention?

        Claim 1        Yes _____        No ✓

        Claim 2        Yes _____        No ✓

        Claim 3        Yes _____        No ✓

        Claim 4        Yes _____        No ✓

        Claim 5        Yes _____        No ✓

|         |       |        |
|---------|-------|--------|
| Claim 6 | Yes ____ | No ✓ |
| Claim 7 | Yes ____ | No ✓ |
| Claim 8 | Yes ____ | No ✓ |

(6) Do you find that Cargill has proven, by clear and convincing evidence, that personnel at Bodycote Ortech should have been listed as inventors on the '793 patent?

Yes _____          No ✓

(7) Do you find that Cargill has proven, by clear and convincing evidence, that David Wood should not have been listed as an inventor on the '793 patent?

Yes _____          No ✓

(8) Do you find that Cargill has proven, by clear and convincing evidence, that named inventors Robert Hartley and David Wood, or their authorized agents, made material misrepresentations of fact and/or failed to provide material, non-cumulative references of prior art or other information to the United States PTO during the prosecution history of the '793 patent which should have been disclosed to the patent examiner?

Yes ✓          No _____

(9) If you answered "yes" to question number 8, list each misrepresentation of fact and/or reference of prior art or other information which you find to have been material and non-cumulative, but not provided to the United States PTO by the inventors or their authorized agents?

_Caliber product being sold —_

_____

_____

_____

_____

(10) If you answered "yes" to question number 8, do you also find that Cargill has proven by clear and convincing evidence that in making misrepresentations of material fact or failing to provide material, non-cumulative references of prior art or other information to the United States PTO, inventors Robert Hartley and David Wood, or their authorized agents, acted with intent to deceive the PTO?

   Yes _____        No __✓__

II. <u>Patent Infringement</u>

(11) Regardless of your findings regarding patent validity and enforceability in responses to the questions contained in Section I, do you find that Sears Petroleum and SEACO have proven, by a preponderance of the evidence, that Cargill has infringed any of the claims of the '793 patent with respect to either of the products at issue?

[Please note that in answering this question, if you find that a claim was literally infringed then you need not consider the question of whether that claim was also infringed under the doctrine of equivalents].

<u>ClearLane Liquid</u>

| | | Yes | No |
|---|---|---|---|
| Claim 1 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 2 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 3 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |

| Claim | | Yes | No |
|---|---|---|---|
| Claim 4 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 5 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 6 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 7 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 8 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |

ClearLane PNS Liquid

| Claim | | Yes | No |
|---|---|---|---|
| Claim 1 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 2 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 3 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |
| Claim 4 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 5 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 6 | Literal Infringement: | | ✓ |
| | Doctrine of Equivalents: | ✓ | |
| Claim 7 | Literal Infringement: | ✓ | |
| | Doctrine of Equivalents: | | |

    Claim 8    Literal Infringement:    Yes \_\_\_\_\_    No ✓
                 Doctrine of Equivalents:  Yes ✓    No \_\_\_\_\_

[Please note that if you did not find that Cargill infringed one or more claims of the '793 patent, you need not answer questions 12 through 16, and should instead proceed to question number 17.]

(12) If you have found any one of the claims of the '793 patent to have been infringed, was Cargill's infringement willful, as defined in the court's instructions?

    Yes \_\_\_\_\_                No ✓

III.    <u>Patent Damages</u>

(13) If you have found that the '793 patent was infringed, do you find, by a preponderance of the evidence, that Sears Petroleum lost profits as a proximate result of the infringement?

    Yes ✓                No \_\_\_\_\_

(14) If you find that Sears Petroleum lost profits as a proximate result of the infringement, what amount of lost profits do you find have been suffered?

    Answer: $ ~~275,752~~ 355,422 *RJB*

(15) What amount do you find would have been paid as a reasonable royalty, as the court has defined that term, to Sears Petroleum up until the date of your verdict based upon Cargill's infringing conduct?

    Answer: $ 1,777,113

(16) What royalty rate, on a per gallon of liquid basis, did you use in arriving at your reasonable royalty calculation?

    Answer: $ 0.1875 \_\_\_\_\_ (per gallon)

IV. <u>Common Law Claims</u>

(17) Do you find that Sears Petroleum has proven, by a preponderance of the evidence, that it possessed trade secrets which were unlawfully misappropriated by Cargill?

Yes ✓           No _____

(18) Do you find that SEACO has proven, by a preponderance of the evidence, that it possessed trade secrets which were unlawfully misappropriated by Cargill?

Yes _____      No ✓

(19) If your answer to either or both of questions 17 and 18 is "yes", what amount of damages, if any, do you find, from a preponderance of the evidence, were proximately caused by Cargill's misappropriation?

Answer:   SEACO              $ 0

          Sears Petroleum    $ 195,905

(20) Of the amounts awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

SEACO

Amount: $ 0

Answer in which same amount was awarded: _____

Sears Petroleum

Amount: $ 0

Answer in which same amount was awarded: _____

8

(21) Do you find, by a preponderance of the evidence, that Cargill engaged in unfair competition with Sears Petroleum?

Yes ✓                                     No _____

(22) Do you find, by a preponderance of the evidence, that Cargill engaged in unfair competition with SEACO?

Yes _____                               No ✓

(23) If your answer to either or both of the previous questions is "yes", what amount of damages, if any, do you find, by a preponderance of the evidence, were proximately caused as a result of Cargill's unfair competition?

   Answer:    SEACO                  $ 0

              Sears Petroleum        $ 355,422

(24) Of the amounts awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

   SEACO

   Amount: $ 0

   Answer in which same amount was awarded: _____

   Sears Petroleum

   Amount: $ 0

   Answer in which same amount was awarded: _____

(25) If you found Cargill liable to Sears Petroleum and/or SEACO for misappropriation of trade secrets, and/or unfair competition, do you also find that the defendants have proven, by a preponderance of the evidence, that Sears Petroleum and/or SEACO are entitled to

recover punitive damages against Cargill?

Sears Petroleum

Yes _____                                           No ✓

SEACO

Yes _____                                           No ✓

(26) Do you find that Sears Petroleum has proven, by a preponderance of the evidence, that Cargill breached a valid and enforceable contract with it?

Yes ✓                                           No _____

(27) If your answer to the foregoing question is yes, what amount of damages, if any, do you find were proximately caused by Cargill's breach?

Answer: $ 355,422

(28) Of the amount awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

Amount: $ 355,422

Answer in which same amount was awarded: 23

(29) Do you find that SEACO has proven, by a preponderance of the evidence, that it was an intended third-party beneficiary of the confidentiality agreement between Sears Petroleum and Cargill?

Yes _____                                           No ✓

(30) If your answer to the foregoing question is "yes", do you find that SEACO has proven, by a preponderance of the evidence, that Cargill breached its duty toward SEACO as a third party beneficiary under that agreement?

Yes _____                                                  No _____

(31) If your answer to the foregoing question is "yes", what amount of damages, if any, do you find by a preponderance of the evidence, were proximately caused to SEACO as a result of Cargill's breach?

   Answer: $ _____

(32) Of the amount awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

   Amount: $ _____

   Answer in which same amount was awarded: _____

(33) Do you find that Sears Petroleum has proven, by a preponderance of the evidence, that Cargill breached its duty of good faith and fair dealing under its contract with Sears Petroleum?

   Yes _____                                                  No ✓

(34) If your answer to the foregoing question is "yes", what amount of damages, if any, do you find, by a preponderance of the evidence, were proximately caused to Sears Petroleum as a result of Cargill's breach of that implied covenant?

   Answer: $ _____

(35) Of the amount awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

   Amount: $ _____

   Answer in which same amount was awarded: _____

(36) Do you find that Sears Petroleum and/or SEACO have proven, by a preponderance of the evidence, that Cargill was unjustly enriched by

11

its development and use of Clearlane Liquid and/or Clearlane PNS liquid?

Yes ✓        No _____

(37) If your answer to the foregoing question is "yes", what amount do you find, by a preponderance of the evidence, is the reasonable value, if any, of the benefit received by Cargill which led to your finding of unjust enrichment?

Sears Petroleum:   $ 0

SEACO:   $ 167,700

(38) Of the amounts awarded in your prior answer, how much if any is duplicative of amounts awarded under any previous answer?

SEACO

Amount: $ 0

Answer in which same amount was awarded: _____

Sears Petroleum

Amount: $ 0

Answer in which same amount was awarded: _____

Once you are finished with this verdict sheet, the foreperson should please sign below and return the form to the court.

_____
Foreperson

Dated:   March 10, 2005
             Syracuse, NY