IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CARGILL, INCORPORATED,

                    Plaintiff,

                                             Civil Action No.
                                             5:03-CV-0530 (DEP)

          vs.

SEARS PETROLEUM & TRANSPORT
CORP., and SEARS ECOLOGICAL
APPLICATIONS CO., LLC,

                    Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

FULBRIGHT, JAWORSKI LAW FIRM    ALAN M. ANDERSON, ESQ.
225 South Sixth Street          RENEE L. JACKSON, ESQ.
Suite 4850                      CHRISTOPHER YOUNG, ESQ.
Minneapolis, Minnesota 55402

MACKENZIE, HUGHES LAW FIRM      STEPHEN T. HELMER, ESQ.
101 South Salina Street
Suite 600
Syracuse, New York 13221

FOR DEFENDANTS:

LATHROP, GAGE LAW OFFICE         WILLIAM R. HANSEN, ESQ.
230 Park Avenue
Suite 1847
New York, NY 10169

WALL, MARJAMA & BILINSKI, LLP      INDRANIL MUKERJI, ESQ.
101 South Salina Street, Suite 400
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____ JUDGMENT

_____This matter came before the court for trial, beginning on February 7,

2005, to a jury duly empaneled and sworn, in connection with plaintiff's

claims for declaratory relief and defendants' counterclaims seeking, *inter

alia*, recovery of damages and permanent injunctive relief.  Following trial,

the jury returned a verdict, utilizing a jury verdict form provided for its use,

and thereupon made certain findings with regard to the various claims and

counterclaims submitted for its consideration, as well as the defenses

raised with regard to those claims.  Based upon the jury's verdict (Dkt. No.

331), which is incorporated herein by reference, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1)     United States Patent No. 6,299,793, issued to inventors

Robert A. Hartley and David H. Wood and assigned to Sears Petroleum &

Transport Corporation, is valid and enforceable.

2)     All of the claims contained within United States Patent No.

6,299,793 are entitled to a priority date of January 4, 1999.

3)      Plaintiff Cargill, Incorporated has infringed all eight claims of United States Patent No. 6,299,793 by making, using, offering for sale and/or selling its ClearLane Liquid and ClearLane Liquid PNS products.

4)      Defendant and counterclaimant Sears Petroleum & Transport Corporation is hereby awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Cargill, Incorporated, in the amount of $1,777,113, with interest to date in the further sum of $52,353.48, for a total of $1,829,466.40, plus any additional damages, calculated at a rate of $.1875 per gallon, resulting from the continued sales by plaintiff of product utilizing ClearLane Liquid and ClearLane Liquid PNS from March 10, 2005 until plaintiff's infringing conduct ceases. The court will retain jurisdiction to oversee and implement this continuing damage provision.

5)      Defendant and counterclaimant Sears Petroleum & Transport Corporation is hereby awarded the additional sum of $195,905 against plaintiff Cargill, Incorporated, plus a further amount of $79,703.81 in prejudgment interest, for a total of $275,608.81, based upon plaintiff's misappropriation of trade secrets.

6)      Defendant and counterclaimant Sears Petroleum & Transport

3

Corporation is hereby awarded the additional sum of $355,422 plus a further amount of $144,603.19 in prejudgment interest, for a total of $500,025.19, against Cargill, Incorporated based upon the jury's finding of unfair competition and breach of contract.

7)   The claim of defendant and counterclaimant Sears Ecological Application Co., LLC., against Cargill, Incorporated for misappropriation of trade secrets is dismissed.

8)   The claim of defendant and counterclaimant Sears Ecological Application Co., LLC., against Cargill, Incorporated for unfair competition is dismissed.

9)   The claim of defendant and counterclaimant Sears Ecological Application Co., LLC., against Cargill, Incorporated for breach of contract, as an alleged third party beneficiary of the confidentiality agreement entered into between Cargill and Sears Petroleum & Transport Corporation, is  dismissed.

10)   The claim of Sears Petroleum & Transport Corporation against Cargill, Incorporated for breach of its implied duty of good faith and fair dealing is dismissed.

11)   Defendant and counterclaimant Sears Ecological Application

4

Co., LLC is hereby awarded the sum of $167,700, plus an additional amount of $68,228.63 representing prejudgment interest, for a total of $235,928.63, against Cargill, Incorporated based upon the jury's finding of unjust enrichment.

12)   Plaintiff Cargill, Incorporated, together with its attorneys, agents and employees, are hereby enjoined, during the lifetime of United States Patent No. 6,299,793, from making, using, selling or offering for sale ClearLane Liquid and ClearLane PNS Liquid as manufactured and as chemically comprised prior to March 10, 2005, or any other product not more than colorably different from those products, based upon the court's finding that those products infringe the claims contained within the '793 patent.

13)   A mandatory injunction is hereby entered under which Cargill, Inc. is hereby directed to assign all of its right, title and interest in and to United States Patent No. 6,398,979 (the "'979 Patent") to Sears Petroleum & Transport Corporation pursuant to section 10 of the parties' August 18, 1999 confidentiality agreement, and to execute all documents required, including by the United States Patent and Trademark Office ("PTO"), to effectuate such a transfer.  The clerk of this court is hereby

directed to inform the Director of the United States PTO of the terms of this judgment and to respectfully request that the PTO adjust its records regarding the ownership of the '979 patent to place it in the name of Sears Petroleum & Transport Corporation, *nunc pro tunc* to the date of issuance of that patent.

15)   The injunctions granted under paragraphs 13 and 14 of this judgment are hereby stayed, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, during the pendency of any appeal of the judgment entered in this action.  This stay shall be conditioned upon the posting by Cargill Incorporated, within thirty days of the date of this judgment, of a bond in the face amount of $1.5 million to guarantee payment of reasonable royalties on the sale of infringing products beyond the date of the entry of judgment, and will remain in effect until the issuance of a mandate from the United State Court of Appeals for the Federal Circuit with respect to the merits of any appeal from this judgment.

Dated: April 12, 2005

G:\Civil\2003\03-CV-0530\judgment.wpd

David E. Peebles
U.S. Magistrate Judge