IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CARGILL, INCORPORATED,

               Plaintiff,

                               Civil Action No.
                               5:03-CV-0530 (DEP)

      vs.

SEARS PETROLEUM & TRANSPORT
CORP., and SEARS ECOLOGICAL
APPLICATIONS CO., LLC,

               Defendants.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

FULBRIGHT, JAWORSKI LAW FIRM    ALAN M. ANDERSON, ESQ.
225 South Sixth Street              RENEE L. JACKSON, ESQ.
Suite 4850                     CHRISTOPHER YOUNG, ESQ.
Minneapolis, Minnesota 55402

MACKENZIE, HUGHES LAW FIRM    STEPHEN T. HELMER, ESQ.
101 South Salina Street
Suite 600
Syracuse, New York 13221

FOR DEFENDANTS:

LATHROP, GAGE LAW OFFICE      WILLIAM R. HANSEN, ESQ.
230 Park Avenue
Suite 1847
New York, NY 10169

WALL, MARJAMA & BILINSKI, LLP     INDRANIL MUKERJI, ESQ.
101 South Salina Street, Suite 400
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

Defendants Sears Petroleum & Transport Corp. and Sears

Ecological Applications Co., LLC (collectively "Sears"), as the prevailing

parties in this action, have applied to the court for taxation of costs, having

filed a bill of costs in the total amount of $304,542.81.  Plaintiff Cargill,

Incorporated ("Cargill") opposes Sears' application in large measure.

Having reviewed the matter thoroughly in light of the parties' submissions,

I make the following determination regarding the costs to be taxed in favor

of Sears.

I.    <u>BACKGROUND</u>

The facts surrounding the parties' commercial dispute in this matter

have been addressed in several prior decisions including, *inter alia*, in

*Cargill, Inc. v. Sears Petroleum & Transport Corp.*, 334 F. Supp.2d 197

(N.D.N.Y. 2004), and will not be reiterated.  The various claims and

defenses in this action, which included assertion by Sears of

counterclaims for patent infringement as well as various pendent state

2

common law causes of action, were tried to a jury, beginning on February

7, 2005.[1]  At the conclusion of the trial the jury returned a verdict largely in

favor of the Sears parties, finding for the defendants on the patent

infringement counterclaims asserted against Cargill as well as on most,

though not all, of their common law counterclaims.  Judgment was

entered, based upon that verdict, on April 12, 2005.  Dkt. No. 359.

Subsequent to the entry of judgment Sears filed a bill of costs,

together with supporting materials, dated May 6, 2005, claiming a total of

$304,542.81.  Dkt. No. 386.  Included among the categories of costs

claimed by Sears are 1) fees of the clerk ($180.00); 2) court reporter fees

($50,446.26); 3) fees and disbursements for printing ($58,795.96); 4)

witness fees ($5,542.15); 5) fees for exemplification and copies of papers

($182,955.49); and 6) "other costs" ($6,622.95).  Cargill has since

responded in opposition to Sears' bill of costs.  Dkt. No. 412.

II.    DISCUSSION

A.    Recovery of Costs Generally

Awards of taxable costs to prevailing parties, particularly in

situations where there is no applicable fee shifting statute, are governed

---

[1]      This matter is before me based upon consent of the parties, pursuant to
28 U.S.C. § 636(c).  *See* Dkt. No. 61.

principally by Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party[.]"[2]  Fed. R. Civ. P. 54(d)(1). The patent laws contain a specific provision augmenting Rule 54(d)(1) and entitling a patent infringement claimant to recover "costs as fixed by the court" in the event of a finding of infringement.  35 U.S.C. § 284.

In patent cases, a taxable costs award is subject to the law of the circuit in which the trial court is located.  *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2000).  In this circuit, "[t]he award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception."  *Mercy v. County of Suffolk, New York*, 748 F.2d 52, 54 (2d Cir. 1984).  "There is a presumption that the prevailing party will be awarded costs and that presumption cannot be overcome unless the unsuccessful party shows good cause for doing so." *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted).

As can be seen, one threshold issue which must be addressed is

---

[2]     The patent laws do provide for awards of attorney fees in exceptional cases.  35 U.S.C. § 285.  In a separate order I have declared this to be such an exceptional case, and have authorized Sears to file an application for attorney fees and nontaxable costs.  *See* Dkt. No. 428.

whether Sears can be properly regarded as a prevailing party.  From the

jury's verdict in this case, it would appear that Sears can fairly be

considered a prevailing party, having "succeed[ed] on [a] significant issue

in litigation which achieve[d] some of the benefit [it] sought in bringing

suit."  *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 572 (1992)

(internal quotation marks and citations omitted); *Avnet, Inc. v. American*

*Motorists Ins., Co.*, No. 87 Civ. 0758, 1990 WL 201651, at *1 (S.D.N.Y.

Dec. 5, 1990) ("[g]enerally, the litigant in whose favor judgment is

rendered is the prevailing party for purposes of Rule 54(d) . . . even if he

has failed to succeed on all his claims"; internal quotation marks and

citations omitted); *see also* 10 Charles Alan Wright, *et al.*, Federal

Practice and Procedure § 2667 (3d ed. 1998) ("[A] claimant who has

obtained some relief usually will be regarded as the prevailing party even

though he has not sustained all his claims.").

     In its opposition to the pending application for taxation of costs,

Cargill acknowledges that the Sears parties partially prevailed at trial, but

urges the court to apportion costs based upon the fact that they did not

prevail on all of the counterclaims asserted in their answer.  It is true that

apportionment is often appropriate in cases where a claimant has

5

prevailed on some but not all of its claims.  *See*, *e.g.*, *Arthur Kaplan Co. v. Panaria Int'l Inc.*, 51 U.S.P.Q.2d 1216, 1217 (S.D.N.Y. 1999), *aff'd*, 205 F.3d 1321 (2d Cir. 2000) (unpublished); *see also Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1012 (2d Cir. 1995).  "[W]here an action is based upon multiple individual claims or is brought by several plaintiffs, courts have recognized that it is inappropriate to award full costs when the plaintiff have prevailed on a small portion of those claims."  *EEOC v. Colgate-Palmolive Co.*, 617 F.Supp. 843, 844 (S.D.N.Y. 1985).  In this case, however, while Sears did not prevail on all of its claims, the jury having found against it on the issues of willfulness and punitive damages, as well as in certain minor respects on the common law claims, it overwhelmingly succeeded on the patent and common law claims principally asserted.  From my review it does not appear that the recoverable expenses reasonably incurred by the Sears parties would have been meaningfully diminished, had they not pursued the claims upon which they did not prevail.  *See Colgate-Palmolive Co.*, 617 F.Supp. at 844 ("Where a plaintiff has brought an action based on several theories of recovery and prevails only on one theory, courts have found that the plaintiff was the prevailing party entitled to costs."*).*  Accordingly, I find no

6

basis to apportion costs and reduce them based upon the relatively few claims on which the Sears parties did not prevail.

   B.   Specifics of Sears' Bill of Costs

   The principles governing awards of taxable costs under Rule 54(d)(1) are informed in the first instance by 28 U.S.C. § 1920, which provides that

>      [a] judge or clerk of any court of the United States
>      may tax as costs the following:
>
>      (1)   Fees of the clerk and marshal;
>
>      (2)   Fees of the court reporter for all or any part
>            of the stenographic transcript necessarily
>            obtained for use in the case;
>
>      (3)   Fees and disbursements for printing and
>            witnesses;
>
>      (4)   Fees for exemplification and copies of papers
>            necessarily obtained for use in the case;
>            [and]
>
>      (5)   Docket fees under section 1923 of this title[.]

28 U.S.C. § 1920.  Utilizing this statutory provision as a benchmark, I now turn to the specifics of the disputed portions of bill of costs.[3]

---

   [3]   Cargill does not challenge Sears' application for recovery of $180.00 as fees of the clerk.

1.    Exemplification and Copies of Papers

One of the larger components of the Sears costs application falls

under the category of printing fees and disbursements.  According to the

Sears parties' submissions, this portion of their bill of costs seeks

recovery of photocopy expenses, in the amount of $58,798.96.[4]

28 U.S.C. § 1920(4) authorizes reimbursement of "fees" for

exemplifications and copies of papers necessarily obtained for use in the

case.  Under that provision, the expense associated with photocopying a

document may be recovered even though it is not admitted at trial.  *U.S.*

*ex rel Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Constr.*

*Corp.*, 95 F.3d 153, 173 (2d Cir. 1996).  Costs for copies used solely for

the convenience of counsel or the court, however, are not recoverable.

*Tyco Int'l (US) Inc. v. John Does, 1-3*, No. 01 Civ 3856, 2003 WL

23374767, at *5-*6 (S.D.N.Y. Aug. 29, 2003).

Although a prevailing party is entitled to recover for copying costs,

---

[4]    Photocopying expenses are generally awarded under 28 U.S.C. § 1920(4).  *See*, *e.g.*, *Baker v. Power Secs. Corp.*, 174 F.R.D. 292, 295 (W.D.N.Y. 1997).  While section 1920(3) also references "printing", it has predominantly been recognized as providing, in conjunction with 28 U.S.C. § 1821, a vehicle for recovery of witness fees.  *See*, *e.g.*, *Baker*, 174 F.R.D. at 294; *see also post* pp. 21-23.  Because I find it more appropriate to consider this request as having been made under section 1920(4), I will analyze it consistent with case law interpreting that provision.

an award of such expenses is contingent on the party supplying sufficient documentation to support the reasonableness of those costs. *See Baker*, 174 F.R.D. at 295. When a party's submission fails to delineate "whether its claimed copying costs are properly taxable under the governing rules, the requested costs should be reduced." *Tyco*, 2003 WL 23374767, at *6; *see Evergreen Pipeline Constr. Co.*, 95 F.3d at 173 (affirming reduction of copying costs where requesting party failed to itemize costs or explain their necessity). A reduction in the copying costs awarded in such circumstances is appropriate because without an explanation, the court cannot determine "'whether a portion of the photocopying claimed was for the convenience of counsel . . . or otherwise unnecessary to the litigation.'" *Tyco*, 2003 WL 23374767, at *6 (quoting *Meacham v. Knolls Atomic Power Lab.*, 185 F.Supp.2d 193, 243 (N.D.N.Y. 2002)); *Carbonell v. Acrish*, 154 F.Supp.2d 552, 569 (S.D.N.Y. 2001) (denying reimbursement for copying costs because "the Court has no idea what part of the requested amount is for copies of trial exhibits, as opposed to convenience copying"); *Baker*, 174 F.R.D. at 295 (reducing requested copying costs where requesting party had "not sufficiently documented the reasonableness of those costs").

In cases where the requesting party has not sufficiently detailed its request for recovery of copying costs, courts have taken varied approaches in deciding the appropriate amount of the reduction to be effectuated.  *Tyco*, 2003 WL 23374767, at *6.  In *Meacham*, 185 F.Supp.2d at 243, for example, the court reduced the number of copies by twenty-five percent, while in *Evergreen Pipeline*, 95 F.3d at 173, the Second Circuit affirmed a copying cost reduction of almost seventy-five percent.  In *Tyco*, the Southern District found it appropriate to reduce the copying charges by two-thirds because the requesting party had "failed to provide the Court with *any* information regarding the nature of the materials copied, or even the number of copies made or the cost per page."  *Tyco*, 2003 WL 23374767, at *6 (emphasis in original).

The Sears application falls far short of providing the information necessary to allow the court to test the legal sufficiency of its request for reimbursement of photocopying costs.  Sears' submission, for example, does not include information which would enable the court to verify that the costs sought were reasonable and not for convenience copies, and indeed does not even include an indication of the per page expense sought for copying.  In light of this fact, and in my discretion, I will follow

*Tyco* and reduce the Sears' request for photocopies by two-thirds of the amount requested, thereby awarding $19,598.65 under this category.

2.     Postage and Shipping

Among the amounts listed by Sears as "other costs", in the total amount of $6,622.96, is $5,885.77 – characterized as reimbursement for postage and shipping.  Cargill objects to Sears' application for recovery of such expenses, arguing that they are not recoverable under section 1920.

It is well established, at least in this court, that postage and shipping expenses are not recoverable as taxable costs under section 1920. *Cleveland v. North Am. Van Lines, Inc.*, 154 F.R.D. 37, 38 (N.D.N.Y. 1994) (Scullin, J.) ("postage and handling charges are not provided for in 28 U.S.C. § 1920 and such costs are disallowed"); *EEOC v. Allied Systems, Inc.*, 1-97-CV-1396, 1999 U.S. Dist. LEXIS 8878, at *4 (N.D.N.Y. June 9, 1999) (McAvoy, C.J.) ("Section 1920 makes no provision for the taxation of [document delivery] cost[s] and courts have generally held that fees of this type are not compensable."); *see also Carbonell*, 154 F. Supp.2d at 569 (holding that Federal Express and postage fees "are not reimbursable as 'costs' pursuant to . . . 28 U.S.C. § 1920").  Accordingly, the Sears application for recovery of $5885.77 as

expenses associated with postage and shipping of documents is denied.[5,6]

### 3.   Deposition and Trial Transcripts

In their bill of costs the Sears parties seek recovery of $50,446.26 in court reporting fees paid in connection with this action.  Cargill opposes that request in large part, arguing that the deposition costs sought are excessive and include expenses associated with videotaped depositions and litigation support materials, including ASCII disks as well as daily trial transcript expenses not recoverable under section 1920.

Section 1920 permits taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2) & (4); *In re Air Crash Disaster at JFK Int'l Airport*, 687 F.2d 626, 631 (2d Cir. 1982); *U.S. Media Corp. v. Edde Entm't, Inc.*, 94 Civ. 4849, 1999 U.S. Dist. LEXIS 10605, at *26 (S.D.N.Y. July 14, 1999).  If transcripts "are expedited and obtained principally for the convenience of the parties, such fees are not properly recoverable." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 379-80 (E.D.N.Y. 2004).

---

[5]      Since plaintiffs have provided no information regarding the remaining "other costs" sought, I deny their request for recovery under this category in its entirety.

[6]      As will be seen, when calculating transcript fees I have allowed for recovery of shipping and handling costs, since in my view such an expense is an integral part of obtaining a deposition transcript, and can therefore be distinguished from the routine postage and handling costs presented here.

In addition to trial transcript costs, the expenses associated with obtaining deposition transcripts are taxable as long as the transcripts are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see In re Air Crash Disaster at JFK Int'l Airport*, 687 F.2d at 631.  To qualify under this standard, it is not necessary that the deposition transcript was read into evidence at trial in order for the corresponding cost to be reasonable. *In re Air Crash Disaster at JFK Int'l Airport*, 687 F.2d at 631; *U.S. Media Corp.*, 1999 U.S. Dist. LEXIS 10605, at *29.  Rather, a court may award the cost of obtaining a deposition transcript if, at the time the deposition was taken, "it was reasonably expected that the transcript would be used for trial preparation."  *U.S. Media Corp.*, 1999 U.S. Dist. LEXIS 10605, at *30; *Marion v. Town of Kirkland*, 146 F.R.D. 49, 51 (N.D.N.Y. 1993) (McAvoy, J.).  Taxation of costs associated with depositions obtained simply for discovery purposes or the convenience of counsel or the court, however, is not permitted.  *Boisson*, 221 F.R.D. at 379-80.  The burden of establishing that deposition transcripts included in a bill of costs were "necessarily obtained for use in the case" rests with the party seeking recovery of such expenses.  *See Carmody v. ProNav Ship Mgmt., Inc.*, 02 CV 7158, 2004 U.S. Dist. LEXIS 16158, at *3 (S.D.N.Y. Aug. 17, 2004).

13

Cargill challenges the recovery of costs for any deposition that was not read into the record at trial.  Such an approach, while perhaps finding some support, in my view depends upon an unduly narrow interpretation of the phrase "necessarily obtained for use in the case."  Choosing not to resort to such an approach, I instead will allow recovery of all of the basic deposition transcript expenses sought.  This determination stems from my finding, based upon a review of the list of persons deposed, that those deponents were all individuals with relevant information who either did, or could have been reasonably anticipated to, testify at trial or, alternatively, provided information useful for trial preparation purposes.  *See McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 35 (N.D.N.Y. 1994) (McAvoy, C.J.).

As was noted, one area of disagreement over the Sears' application pertains to the expense associated with obtaining ASCII discs with deposition transcripts.  The few courts that have addressed the issue have concluded that such costs are generally not taxable.  *See*, *e.g.*, *U.S. Media Corp.*, 1999 U.S. Dist. LEXIS 10605, at *28-*29.  Ancilliary costs of the type now at issue are generally regarded as relating to a litigation convenience, rather than necessity and, as such, barring evidence to suggest otherwise, should not be included in a bill of costs.  *Id.*; *see*

14

*Harkins v. Riverboat Servs., Inc.*, 286 F. Supp.2d 976, 980 (N.D.Ill. 2003) (holding the cost of ASCII disks is not recoverable since they were duplicative of paper copies of certain transcripts and therefore ordered solely for convenience).  Consequently, I have disallowed expenses associated with preparation of ASCII discs and mini-transcripts formatted for the convenience of counsel.

Another area of concern is the expense associated with deposition exhibits.  Such costs are properly taxable in this case, as those exhibits in issue were necessary for the requesting party to present its case.  *Bennett Chem. Co. v. Atlantic Commodities, Ltd.*, 24 F.R.D. 200, 205 (S.D.N.Y. 1959).

One significant area of disagreement relates to videography expenses for depositions which were both stenographically recorded and videotaped.  Cargill maintains that with respect to such depositions, only the expense of preparation of the stenographic transcript is recoverable.

To be sure, utilization by the parties of excerpts of videotaped depositions taken in the case, both in connection with dispositive motions and at trial, was extremely effective, allowing the court and jury to make more informed determinations regarding such matters as witness

15

credibility.  Nonetheless, the expense associated with videotaping a deposition is ordinarily a luxury which I do not find taxable within the letter and spirit of section 1920.  "When a party recovers its costs for the transcript of a deposition, that party can not also recover costs for videotaping the deposition."  *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 38 (D.P.R. 2000).

Relief from this general rule could be appropriate in cases where videotaped depositions are taken for the convenience of witnesses to be utilized at trial in lieu of requiring the witnesses to appear in person.  At trial, the testimony of Gerald J. Thornton, Jr., Randall Hilson, PhD, and Art Horton was offered by Sears in video deposition format.  Accordingly, the expense associated with videotaping those three witnesses' depositions will be allowed, in addition to the expense of written transcripts of those depositions.  I will exclude from the costs to be taxed in this action, however, the expenses associated with videotaped depositions as to all other witnesses.

A portion of Sears' application for recovery of transcript costs relates to the expense incurred by ordering daily trial transcriptions.[7]  Because

---

[7]      Cargill also challenges recovery by Sears of the expense of obtaining transcripts of earlier court hearings.  Although the court did not direct the parties to

neither Rule 54(d) nor 28 U.S.C. § 1920 permits recovery of the costs of

trial transcripts, including daily copy, without prior court approval, and

such approval was neither sought nor obtained, I will reject that portion of

the bill of costs which seeks recovery of those expenses. *Manildra Milling*

*Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996).

Attached as an appendix to this decision is a matrix reflecting those

deposition expenses sought by Sears which are awarded by the court.

Based upon the court's findings, as illuminated in that appendix, a total of

$ 27,151.76 will be included in the bill of costs as reimbursement for court

reporter fees.

### 4.   Computer Aided Document Presentation

A portion of the expenses claimed under the "[f]ees for

exemplification and copies of papers necessarily obtained for use in the

case" category are those associated with the Sears parties' computer

enhanced evidence presentation.  Cargill maintains that much of the

expense associated with the cost of computer aided document

presentation does not fall within the meaning of an exemplification under

---

obtain transcripts of those hearings, they were heavily utilized by the parties in
preparation for and in connection with trial.  Accordingly, the expense associated with
obtaining those transcripts will be included within the costs allowed.

28 U.S.C. § 1920(4), and in any event represents an unreimbursable extravagance which therefore cannot be taxed.

The Second Circuit has endorsed a broad reading of 28 U.S.C. § 1920(4), construing that provision to include computer costs. *See Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 66 (E.D.N.Y. 2003) (computer graphic presentation was partially reimbursable under the category of fees for exemplification).  Costs of exemplification recoverable under Rule 54(d) can also include such research and analysis as is reasonably necessary for preparation and production of a necessary exhibit.  *River Oaks Marine, Inc. v. Town of Grand Island*, No. 89-CV-1016, 1993 WL 27486, at *2 (W.D.N.Y. Jan. 13, 1993) (citing *In Re Air Crash Disaster*, 687 F.2d at 631).

Like another, respected jurist from the Eastern District of New York, this "court supports the use of technology to improve the presentation of information to the jury and/or to the bench[.]" *Toyko Electron Arizona, Inc.*, 215 F.R.D. at 67.  To be sure, the litigation support system utilized by the Sears parties served to streamline the proceedings and allow effective and efficient presentation, thereby enhancing the presentation as a whole and allowing the jury to focus upon relevant excerpts of the hundreds of

documents, often lengthy, received in evidence during the course of the trial.

This notwithstanding, I have found no reported case from the Second Circuit which suggests that that court would approve taxation of costs under this category in an amount greater than that necessary to adequately convey vital information to the jury. Despite the substantial benefits associated with the technology utilized by the Sears parties I note that the Seventh Circuit which, like the Second Circuit, also takes an expansive approach toward exemplification costs, "warned against the danger of extravagant displays to dazzle the court and jury: 'the use of a multi-media presentation may have less to do with conveying information to a judge and jury than it does with an effort to wow them.'" *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 264 F. Supp.2d 753, 781 (S.D. Ind. 2003) (quoting *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428-29 (7th Cir. 2000)). Heeding that admonition, the court in *Eli Lilly* only allowed $5,000 in exemplification costs despite utilization of an elaborate computer presentation costing the prevailing party $136,653.12, observing that the bench only needed paper copies of diagrams and illustrations, and the court had sufficient equipment available. *Id.* at 781.

I note that "[a] court exercising its discretion concerning the imposition of costs where large or unusual expenses are involved should consider whether court approval of the expenses was sought before they were incurred." *Lerman v. Flynt Distrib. Co., Inc.*, 789 F.2d 164, 167 (2d. Cir. 1986) (citing 6 Moore's Federal Practice ¶ 54.70(5) (1985)). "In *Farmer v. Arabian American Oil Co.*, the Supreme Court made clear that district judges do not have 'unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case.'" *Lerman*, 789 F.2d at 167 (quoting 379 U.S. 227, 235, 85 S. Ct. 411, 416 (1964)).

Turning to Sears' request in this instance, I find that although computer evidence presentation expenses are properly included within a category of fees for exemplification, there has been no showing in this case as to the necessity for such extravagance, nor was the court's approval of such expenditure sought and obtained in advance of trial. While the computerized presentations at issue were indeed helpful in conveying often times technical subject matter to the court and jury, there was an adequate courtroom system in place and available, and that system was in fact utilized by Cargill.  Accordingly, I will reduce the

20

taxable costs allowable under 28 U.S.C. § 1920(4) under this category to $25,000.

     5.   <u>Witness Fees</u>

_____In its bill of costs Sears seeks recovery of $5,542.15 in witness fees. Cargill responds in opposition to that request by arguing that the amount sought is more than double the maximum allowable recovery under that category.

"Witness fees are recoverable under 28 U.S.C. § 1920(3)." *U.S. Media Corp.*, 1999 U.S. Dist. LEXIS 10605, at *24. By statute, a witness is entitled to payment of an attendance fee of forty dollars per day for each day of attendance and for each day of travel required to reach the place of trial or to return from it. *Id.*, at *24-*25 (citing 28 U.S.C. § 1821(a), (b)). Travel expenses are generally allowed in amounts similarly equal to the mileage allowance which the Administrator of General Services sets for official travel of federal government employees. 28 U.S.C. § 1821(c)(2). In addition, section 1821(d)(1) requires the payment of a subsistence allotment for each day on which the witness cannot return home from the place of trial. 28 U.S.C. §1821(d)(1). That subsistence allowance, however, may not exceed the maximum per diem allowance determined

by the Administrator of General Services, which is currently set at $115.
*See* Plaintiff Cargill's Mem. in Opposition to Bill of Costs (Dkt. No. 400)
Exh. 2. "[T]he general rule is that witness fees and subsistence fees are
not limited to the day the witness actually testifies but include those days
in which the witness reasonably and necessarily attends trial." *McGuigan*,
155 F.R.D. at 36 (quoting *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D.
401, 405-06 (E.D. Mich. 1982)).

One issue which arises, and on which there is no clear guidance,
concerns time expended by expert witnesses retained by Sears in merely
observing trial testimony, including that of Cargill's experts. There is at
least one case from another jurisdiction which suggests that such
expenses are not recoverable under section 1920. *See Mississippi Chem.
Corp. v. Dresser-Rand Co.*, No. 5:97CV57, 2000 U.S. Dist. LEXIS 21965,
at *47 (S.D. Miss. Sept. 12, 2000). Unfortunately, I could not locate any
guidance within this circuit addressing this issue. Because I believe that
such expenses are not properly taxable and are more appropriately
absorbed by the party on whose behalf the expenses were incurred, I will
deny the requested compensation for the five days when one or both of
the Sears expert witnesses were merely observing at trial, finding that

their attendance on those days was not "necessary".

Based upon the foregoing and a summary table which I have attached as Appendix B, I will allow the amount of $ 3,764.07 as taxable costs representing reimbursement for witness fees.

C.    Overreaching

In its opposition to the pending bill of costs, Cargill accuses Sears of "overreaching", urging the court to further reduce the amounts sought on that basis.

In some instances, courts have exercised their discretion to reduce a prevailing party's bill of costs where there has been "misconduct . . . worthy of a penalty." *Jansen v. Packaging Corp. of Am.*, 898 F.Supp. 625, 629 (N.D. Ill. 1995).  In *Jansen*, for example, consistent with prior precedent within its jurisdiction, the court reduced the prevailing party's request for an award of costs as a result of attempts to inflate it in plainly impermissible ways.  *Id.*  Similarly, in *Nochowitz v. Ernst & Young*, 864 F.Supp. 59, 60-61 (N.D. Ill.1994), the court diminished the prevailing party's bill of costs as a penalty, the bulk of reductions relating to costs submitted for which the legal position set forth in support was not even colorable.

23

The discretion to reduce costs on this basis, however, should be exercised with caution. *Lanni v. New Jersey*, 259 F.3d 146, 153 (3rd Cir. 2001) (overruling the district court's determination to reduce costs by fifty percent for apparent overreaching as arbitrary: "[t]his is not a case in which the District Court has found a pattern of overreaching and has made a reasoned estimate of the overcharges."). In this instance I do not find any clear or blatant pattern of overreaching by claiming of costs for which Sears has no colorable argument to support. While I have significantly reduced the bill of costs submitted by Sears, the reduction came in large part in areas either addressed to the court's discretion, or where no clear, bright line guidance has been provided by statute or case law. I therefore decline Cargill's invitation to further reduce the Sears request for costs based upon overreaching.

III.   SUMMARY AND CONCLUSION

As the foregoing reflects I have reduced to a significant extent the Sears bill of costs. I will therefore strike defendants' bill of costs, and direct the clerk of the court to tax the following costs in connection with the judgment entered in this action:

Fees of the Clerk:                    $ ____180.00__

Court Reporter Fees                              $  27, 151.76

Fees and Disbursements for Printing    $              0

Fees for Witnesses                              $    3,764.07

Fees for Exemplification and Copies of papers necessarily obtained

for use in the case                            $   44,598.65

Other costs                                     $              0

Total                                           $   75,694.48

SO ORDERED.


David E. Peebles
U.S. Magistrate Judge

Dated:     November 15, 2005
           Syracuse, NY

Appendix A
Transcript Fees

| Charge | Cost |
|---|---|
| David Wood 30(b)(6) - 1/31/03<br>Shipping & Handling | $261.25<br>$  25.00<br>$286.25 |
| David Wood 30(b)(6) - 3/4/03<br>Exhibits<br>David Wood Deposition - 3/4/03<br>Exhibits<br>Shipping & Handling | $645.00<br>$  21.00<br>$129.95<br>$    9.10<br>$  23.00<br>$827.35 |
| Robert Hartley Deposition - 3/5/03<br>Exhibits<br>Shipping & Handling | $   780.00<br>$   246.05<br>$     23.00<br>$1,049.05 |
| Owen Marjama Deposition - 3/6/03<br>Exhibits<br>Shipping & Handling | $464.75<br>$  12.25<br>$  23.00<br>$500.00 |
| David Wood Deposition - 3/7/03<br>Exhibits<br>Shipping & Handling | $242.00<br>$  18.55<br>$  23.00<br>$283.55 |
| Daren Crawford Deposition - 4/30/03<br>Exhibits<br>Shipping & Handling | $753.50<br>$101.15<br>$  22.00<br>$876.65 |
| Robert Hartley Deposition (volume two) -<br>7/29/03<br>Exhibits<br>Shipping & Handling | $588.00<br><br>$194.25<br>$  30.00<br>$812.25 |

| | |
|---|---|
| David Wood Deposition (volume two) - 7/30/03<br>Exhibits<br>David Wood Deposition (volume three) - 7/30/03<br>Exhibits | $462.00<br><br>$   5.25<br>$393.00<br><br>$109.90<br>$970.15 |
| Dan Radel Deposition - 9/19/03<br>Exhibits<br>Shipping & Handling | $53.76<br>$  1.40<br>$13.50<br>$68.66 |
| Jeffrey Johnson Deposition - 9/17/03<br>Exhibits<br>Shipping & Handling | $745.00<br>$  91.35<br>$  14.00<br>$850.35 |
| Stephen Bytnar Deposition - 9/25/03<br>Exhibits<br>Shipping & Handling | $364.25<br>$116.20<br>$  14.00<br>$494.45 |
| Howard Sears Deposition - 9/24/03<br>Exhibits<br>Shipping & Handling | $343.75<br>$  25.00<br>$  15.50<br>$400.95 |
| Colin Blaydon Deposition - 12/11/03<br>Exhibits<br>Shipping & Handling | $555.00<br>$  17.15<br>$  38.00<br>$610.15 |
| David Minsk Deposition - 12/12/03<br>Exhibits<br>Shipping & Handling | $506.25<br>$  72.45<br>$  43.00<br>$621.70 |
| Bruce Naumann Deposition - 1/27/05<br>Exhibits<br>Shipping & Handling | $259.00<br>$  23.10<br>$  20.00<br>$302.10 |
| Arthur Horton Deposition - 1/28/05<br>Exhibits<br>Shipping & Handling | $803.25<br>$  73.15<br>$  50.00<br>$926.40 |

| | |
|---|---|
| Arthur Horton - one copy of video<br>Shipping & Handling (prorated) | $35.00<br>$ 8.00<br>$43.00 |
| Bruce Nauman Deposition - 1/27/05<br>Exhibits<br>Shipping & Handling | $259.00<br>$ 23.10<br>$ 20.00<br>$302.10 |
| Bruce Nauman Deposition- 12/9/03<br>Photocopies<br>Courier/Mailing | $577.50<br>$ 95.20<br>$ 15.00<br>$687.70 |
| Wilfred Nixon Deposition - 12/4/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $1,242.60<br>$ 110.00<br>$ 91.00<br>$ 30.00<br>$1,473.60 |
| Cameron Weiffenbach Deposition -<br>12/3/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $ 948.30<br>$ 110.00<br>$ 394.80<br>$ 37.50<br>$1,490.60 |
| Austen Cargill & Larry Hobbs Deposition<br>- 8/25/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $ 822.95<br><br>$ 110.00<br>$ 64.40<br>$ 15.00<br>$1,012.35 |
| S. Piering & R. Hilson Deposition - 9/16-<br>17/03<br>Attendances<br>Courier/Mailing | $2,245.40<br>$ 220.00<br>$ 30.00<br>$2,495.40 |
| John Hooker Deposition - 5/29/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $ 937.40<br>$ 110.00<br>$ 56.70<br>$ 20.00<br>$1,124.10 |
| Hilson Video Deposition<br>Courier/Mailing | $783.33<br>$ 6.67<br>$790.00 |

28

| K. Howe & M. Meriwether Deposition - 7/21-22/03<br>Courier/Mailing | $1,019.15<br><br>$   15.00<br>$1,254.15 |
|---|---|
| Robert Koefod Deposition - 9/18/03<br>Attendances<br>Courier/Mailing | $637.65<br>$110.00<br>$ 15.00<br>$762.25 |
| Kenneth Howe Deposition - 4/24/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $626.75<br>$110.00<br>$  11.20<br>$  15.00<br>$762.95 |
| G. Thornton & S. Koefod Deposition - 4/14-15/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $1,902.05<br><br>$   275.00<br>$   156.45<br>$    20.00<br>$2,353.50 |
| Thornton Video 4/14/03<br>Courier/Mailing | $1,175.00<br>$    15.00<br>$1,190.00 |
| Richard Rose Deposition - 4/9/03<br>Attendances<br>Photocopies<br>Courier/Mailing | $  882.90<br>$  110.00<br>$    22.05<br>$    15.00<br>$1,029.95 |
| Kenneth Howe Deposition - 2/17/05<br>Photocopying | $487.50<br>$  12.60<br>$500.10 |

Appendix B
Witness Fees

| Witness | Attendance (No. of Days) | Attendance Costs | Subsistence Costs | Mileage Costs |
|---|---|---|---|---|
| Bruce Nauman (expert) | 10 | $400.00 | $1,150.00 | $404.00 |

| | | | |
|---|---|---|---|
| David Minsk (expert) | 3 | $120.00 | $   345.00 | $   429.30 |
| David Wood | 2 | $ 80.00 | $   230.00 | $    69.66 |
| Robert Hartley | 3 | $120.00 | none claimed | $  106.11 |
| Colin Blaydon | 2 | $ 80.00 | $   230.00 | none claimed |
| | | **Total**: $800.00 | **Total**: $1,955.00 | **Total**: $1,009.07 |

G:\Civil\2003\03-CV-0530\dec&order6.wpd